*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JOHN SCHMIDT and DIANE WHEELER-SCHMIDT,

        Plaintiffs-Appellants,

v

VENESSA BOWDEN,

        Defendant-Appellee.

UNPUBLISHED
January 5, 2023

No. 360454
Washtenaw Circuit Court
LC No. 21-000956-CH

Before: JANSEN, P.J., and SERVITTO and GADOLA, JJ.

PER CURIAM.

Plaintiffs, John Schmidt and Diane Wheeler-Schmidt, appeal as of right the order of the trial court denying their motion for summary disposition under MCR 2.116(C)(7). We affirm.

## I. FACTS

This case arises from a real estate transaction. In 2020, defendant, Venessa Bowden, sought to sell her residence located in Saline, Michigan. At that time, defendant was a real estate agent and she listed the home for sale on the Multiple Listing Service (MLS) used by real estate professionals. Plaintiff Diane Wheeler-Schmidt (plaintiff) is a real estate broker who was interested in purchasing the home for personal use as her residence. Plaintiffs negotiated with defendant to purchase the home, and the parties agreed upon a purchase price of $995,000.

Plaintiffs, however, were unable to obtain financing to purchase the home. The parties then entered into a lease agreement which included an option by which plaintiffs could purchase the property. Under the lease agreement and option, plaintiffs paid defendant a down payment of $100,000. Plaintiffs took possession of the home in November 2020 and began monthly lease payments. The lease was scheduled to expire on May 15, 2021, at which time plaintiffs could exercise the option to purchase the property. The option to purchase also was conditioned upon there being no violation of the lease agreement. On May 5, 2021, plaintiffs exercised the option to purchase.

Three days before the scheduled closing date of August 2, 2021, plaintiffs asked defendant to sign a Notice of Buyer Agency, backdated to October 23, 2020, which would entitle plaintiff to a sales commission of $19,900. Defendant refused to sign the document or to pay the commission, and the closing was cancelled. Plaintiffs contended that defendant had offered the commission in the real estate listing, and that defendant later agreed to (but did not sign) a settlement statement that included the commission. Defendant asserted that she never agreed to pay plaintiff a commission and never signed an agreement to pay the commission, as illustrated by plaintiffs' last-minute efforts to obtain defendant's signature on the backdated agreement.

Defendant also discovered that plaintiffs had altered the property by digging in a wetland area, partially filling a pond, removing trees and other vegetation, and pouring a concrete slab for construction of a barn. Defendant notified plaintiffs that they were in violation of the lease agreement as a result of the alterations to the property, thereby nullifying plaintiffs' option to purchase. In September 2021, plaintiffs initiated this lawsuit alleging breach of contract and silent fraud, and seeking specific performance of the purchase agreement. Plaintiffs also alleged that the home's geothermal heating and cooling system was not operational.

The parties thereafter agreed to complete the sale of the property. As conditions of the closing, plaintiffs agreed to dismiss their claim regarding the geothermal system and defendant agreed not to pursue her claim that plaintiffs had violated the lease agreement by altering the property. After the parties closed on the sale of the property, plaintiff commenced arbitration proceedings regarding the sales commission with the Ann Arbor Area Board of Realtors. Defendant then filed her Answer to the Complaint and her Counterclaim in the trial court seeking declaratory judgment that plaintiff was not entitled to a commission and that the commission dispute was not subject to arbitration.

Plaintiffs moved for summary disposition of defendant's counterclaim under MCR 2.116(C)(7), asserting that the parties were obligated to arbitrate the commission dispute. The trial court denied the motion concluding that there was no basis to submit the commission dispute to arbitration. Plaintiffs now appeal as of right the trial court's order denying their motion for summary disposition and to compel arbitration. See MCL 691.1708 (permitting an appeal as of right from an order denying a motion to compel arbitration).

## II. DISCUSSION

Plaintiffs contend that the trial court erred by denying their motion for summary disposition under MCR 2.116(C)(7) because the parties' dispute regarding the real estate commission is subject to arbitration. We review de novo a trial court's decision to grant or deny a motion for summary disposition. *Meemic Ins Co v Fortson*, 506 Mich 287, 296; 954 NW2d 115 (2020). We also review de novo whether a particular issue is subject to arbitration, as well as the interpretation of contractual language. *Altobelli v Hartmann*, 499 Mich 284, 295; 884 NW2d 537 (2016). When considering a motion for summary disposition under MCR 2.116(C)(7), this Court accepts the allegations of the complaint as true unless contradicted by documentation submitted by the moving party, and considers any affidavits, depositions, admissions, or other documentation submitted. *Estate of Miller v Angels' Place, Inc*, 334 Mich App 325, 330; 964 NW2d 839 (2020). When the facts are not disputed and reasonable minds could not differ regarding the legal effect of the facts, the determination whether summary disposition is proper is a question of law for the Court. *Id*.

Plaintiffs first contend that the trial court erroneously held that it lacked authority to compel the parties to arbitrate the commission dispute. We disagree. Under MCR 2.116(C)(7), summary disposition is warranted if, among other reasons, an agreement to arbitrate exists. *Altobelli*, 499 Mich at 295. In a dispute regarding arbitrability, the trial court has the authority to determine whether an arbitration agreement exists and whether the controversy falls within the arbitration agreement as presented. MCL 691.1686(2); *Watts v Polaczyk*, 242 Mich App 600, 603; 619 NW2d 714 (2000). MCR 3.602(B)(2) provides:

> On motion of a party showing an agreement to arbitrate and the opposing party's refusal to arbitrate, the court may order the parties to proceed with arbitration and to take other steps necessary to carry out the arbitration agreement. If the opposing party denies the existence of an agreement to arbitrate, the court shall summarily determine the issues and may order arbitration or deny the motion.

In this case, at the conclusion of the hearing on plaintiffs' motion for summary disposition by which plaintiffs sought an order compelling the parties to arbitrate, the trial court denied the motion, stating:

> "So, I will say that I appreciate, Mr. Fraser [plaintiffs' counsel], your novel approach to this. I'm not 100 percent convinced that there is any case law that points me or gives me the authority to simply order this to arbitration. I'm not saying you're wrong. I appreciate the novelness [sic] in the way you sort of argued this. So, kudos to you, but I'm going to deny your motion.
>
> I'm going to keep the case. Mr. Magill points out what a wonderful judge I am, but he points out, in fact, that you know the Court is the appropriate forum for this decision, you know. I just don't see the authority to necessarily kick it to an arbitration panel. I do appreciate that most of the interdisciplinary disputes, this is a – maybe a unique interdisciplinary dispute where it's really two real estate professionals and your allegation [that they were] acting as their own agents or [for] their own interests. You know, I'm familiar enough in my law practice with the, you know, the Board of Realtors' contracts and other documents and ethics that govern this that do – that do direct these disputes or conflicts to arbitration as a way to sort of save time and money, but I think that this is appropriately before the Court.

The trial court's ruling does not support plaintiffs' contention that the trial court failed to recognize its power to grant summary disposition and to order the parties to arbitrate if the evidence supported that decision. Rather, the trial court concluded that plaintiffs failed to demonstrate that the dispute was subject to arbitration.

Plaintiff further contends that the trial court erred by failing to order the parties to arbitrate the commission dispute. Again, we disagree. The obligation to arbitrate is a matter of contract; a party cannot be required to arbitrate an issue that it did not agree to submit to arbitration. *Altobelli*, 499 Mich at 295, citing *Kaleva-Norman-Dickson Sch Dist No. 6 v Kaleva-Norman-Dickson Sch Teachers' Ass'n*, 393 Mich 583, 587; 227 NW2d 500 (1975). As noted, the trial court has the authority to determine whether an arbitration agreement exists, and whether the controversy falls

within the arbitration agreement as presented. MCL 691.1686(2); *Watts*, 242 Mich App at 603. To determine whether a claim is subject to arbitration, we review the language of the arbitration agreement to determine whether the subject matter of the dispute is covered by the arbitration clause. *Lebenbom v UBS Fin Services, Inc*, 326 Mich App 200, 211; 926 NW2d 865 (2018). Michigan courts have sometimes applied a three-part test to determine the arbitrability of a claim, inquiring (1) is there an arbitration agreement between the parties, (2) is the disputed issue within the contract's arbitration clause, and (3) is the dispute expressly exempted from arbitration by the contract terms. See *In re Nestorovski Estate*, 283 Mich App 177, 202; 769 NW2d 720 (2009). The rules of contractual interpretation apply, *Altobelli,* 499 Mich at 295, and, "[i]n this endeavor, as with any other contract, the parties' intentions control." *Lebenbom*, 326 Mich App at 210.

In this case, plaintiffs concede that the parties did not contract to arbitrate the issue of a real estate commission. In fact, plaintiffs have presented no written agreement regarding the commission, with or without an arbitration clause. There is therefore no arbitration clause for this Court to review. Plaintiffs argue, however, that even though the parties did not agree to arbitrate, they are compelled to arbitrate because both plaintiff and defendant, as real estate professionals, voluntarily belonged to real estate organizations that require the arbitration of disputes. Plaintiffs assert that defendant belonged to the North Oakland County Board of Realtors and plaintiff belonged to the Ann Arbor Board of Realtors, both of which have rules containing mandatory arbitration provisions. Plaintiffs further assert that the Michigan 2021 Code of Ethics and Arbitration Manual applicable to real estate professionals, as well as the MLS where defendant listed her home, also compel arbitration. Plaintiffs theorize that because the parties are members of various real estate associations, the rules of those associations impute to the parties an agreement to arbitrate a disputed commission in this case. Plaintiffs, however, do not support this theory with Michigan authority; rather, Michigan cases uniformly state that "arbitration is a matter of contract." *Altobelli*, 499 Mich at 295.

Defendant further argues that plaintiffs are incorrect in their assertion that the realtors organizations require arbitration under the facts of this case. Defendant explains that the groups referenced by plaintiffs all have adopted the Ethics Rules of the National Association of Realtors, which provide:

> Standard of Practice 17-3
>
> Realtors, when acting solely as principals in a real estate transaction, are not obligated to arbitrate disputes with other Realtors absent a specific written agreement to the contrary. (Adopted 1/96) [National Association of Realtors, Code of Ethics http://nar.realtor/about-nar/governing/code-of-ethics/2022-code-of-ethics-standards of practice (accessed November 27, 2022).]

Although this issue was not specifically argued before and addressed by the trial court, the record suggests that the parties in this case were acting as principals because defendant was selling her own home to plaintiffs who were purchasing the home for use as their personal residence. Thus, if real estate association ethics rules were determined to impute an agreement to the parties to arbitrate disputes, Standard of Practice 17-3 suggests that the transaction in this case was exempted from the imputed obligation to arbitrate.

Additionally, plaintiffs have not asserted a valid claim to be arbitrated. When deciding the threshold question whether a dispute is subject to arbitration, courts typically avoid analyzing the substantive merits of the parties' dispute and focus instead on whether there was an agreement to arbitrate. *Altobelli*, 499 Mich at 296. In this case, however, plaintiffs make the novel argument that although the parties did not agree to arbitrate, an agreement to arbitrate is to be imputed to them because they are real estate professionals. Given the unusual posture of the case, in which there is no contractual arbitration clause to review, it seems prudent briefly to look behind the curtain and inquire regarding what plaintiffs wish to be arbitrated-- namely, plaintiffs' assertion of a contractual right to a sales commission that also is not part of a written contract. MCL 566.132(3) provides:

> A person shall not bring an action to enforce an agreement, promise, or contract to pay a commission for or upon the sale of an interest in real estate against the owner or purchaser of the real estate unless the agreement, promise, or contract is in writing signed by the party to be charged.

In her counterclaim, defendant asserts that she did not agree to pay plaintiff a sales commission. Plaintiffs moved to dismiss the counterclaim and to compel defendant to arbitrate the commission dispute, despite there being no express agreement to arbitrate, urging that the agreement to arbitrate be imputed to defendant by virtue of being a real estate professional. But any imputed agreement to arbitrate imposed upon real estate professionals by their associations no doubt would encompass only the arbitration of written commission agreements that comply with MCL 566.132(3). To do otherwise would compel real estate professionals to submit to arbitration, to which they did not expressly agree, to enforce commission agreements that they did not sign, contrary to MCL 566.132(3).

Our review of the record also reveals that there are disputed issues of fact that have been presented in much greater detail before this Court than were presented to the trial court. For example, the parties do not agree about which rules of which real estate organizations apply to the parties, nor whether defendant was a real estate agent at the relevant times in question. As discussed, when considering a motion for summary disposition under MCR 2.116(C)(7), a court accepts the allegations of the complaint as true unless contradicted by the documentation submitted, and summary disposition is properly determined as a legal question when the facts are not disputed and reasonable minds could not differ regarding the legal effect of the facts. *Estate of Miller*, 334 Mich App at 329-330. The trial court in this case denied summary disposition because plaintiffs failed to demonstrate that the parties agreed to arbitrate, but denial of summary disposition also was warranted because the relevant facts are not undisputed.

Affirmed.

/s/ Kathleen Jansen
/s/ Deborah A. Servitto
/s/ Michael F. Gadola

-5-